IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

In re TIMOTHY BRYAN LARRIMORE     Case Nos.     5:08-MC-27-D
                                                5:08-MC-28-D

**ORDER**

Plaintiff Timothy Bryan Larrimore ("Larrimore") is a well-known litigant to the United States District Court for the Eastern District of North Carolina. Plaintiff began filing frivolous actions with this court in 2004. The court dismissed two actions in 2006. See Larrimore v. Exxon Mobil Oil Corp., No. 7:06-CV-8-FL (E.D.N.C. Apr. 24, 2006); Larrimore v. Eli Lilly & Co., No. 7:05-CV-216-D (E.D.N.C. Mar. 27, 2006). The court dismissed two more actions in 2008. See Larrimore v. Williamson, No. 7:08-CV-8-D (E.D.N.C. Feb. 4, 2008); Larrimore v. Hooks, No. 7:07-CV-209-D (E.D.N.C. Jan. 18, 2008). Moreover, the court takes judicial notice[1] of yet another frivolous action that Larrimore filed in 2008 in the United States District Court for the District of Columbia. See Larrimore v. Dever, No. 08-1132, 2008 WL 2598696 (D.D.C. June 30, 2008). Further, the court also takes judicial notice that Larrimore's criminal history includes a guilty plea to communicating a threat to inflict serious injury to Michael F. Easley, Governor of the State of North Carolina (Wake County, No. 04CRS13863) and a felony conviction for common-law robbery (New Hanover County, No. 01CR24821).

---

[1] See Fed. R. Evid. 201; Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989).

On November 6, 2008, Larrimore purported to file an action in this court, which the Clerk docketed as 5:08-MC-27. Larrimore did not remit the $350.00 filing fee, and this court concludes that Larrimore (as with his previous actions) seeks leave to proceed in forma pauperis. Larrimore's "complaint" is one handwritten page naming the following defendants: "All State Governments Etc., All County Governments Etc., All City Governments Etc., All Town Governments Etc., All Judges, All District Attorneys, All Lawyers, All Cops, All Bailiffs, All [P]olice [O]fficers, All Deputies, All Magistrates, All Council [M]embers." Compl. In his request for relief, Larrimore states that he "want [sic] to confiskate [sic] everything these people have for failure to prosecute with a Grand Jury inditement [sic] and with a Jury Trial [sic]. [F]ailure to go by court prosegure [sic]." Id. On the same day, Larrimore filed another document adding "All Sheriffs" as defendants. The Clerk docketed that filing as 5:08-MC-28.

This court treats the latter filing as an amended complaint. See Fed. R. Civ. P. 15(a)(1)(A). The court now conducts a frivolity review. See 28 U.S.C. § 1915. A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'" Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). As for factually frivolous claims, section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327); see 28 U.S.C. § 1915. Examples of factually frivolous claims include those "'describing fantastic or delusional scenarios,'" or claims which are otherwise manifestly "'fanciful'" or so wholly irrational as to lack any basis in fact. Denton, 504 U.S. at 32–33 (quoting Neitzke, 490 U.S. at 328); see Adams, 40 F.3d at 74–75.

2

The court construes Larrimore's complaint and amended complaint as a request for an injunction to confiscate property from the named defendants. Larrimore, however, has failed to state a claim. His bizarre and delusional reference to a failure to prosecute is not a cognizable claim. Accordingly, the complaint and amended complaint are dismissed as frivolous.

Ordinarily, the court's conclusion in the preceding paragraph would end the matter. This case and this defendant, however, are not ordinary. On January 18, 2008, this court warned plaintiff that it was considering the entry of a prefiling injunction to enjoin his access to this court due to his frivolous litigation. See Larrimore v. Hooks, No. 7:07-CV-209-D, [D.E. 2], at 3. On February 4, 2008, this court again warned plaintiff that it was considering the entry of a prefiling injunction due to his frivolous litigation. See Larrimore v. Williamson, No. 7:08-CV-8-D, [D.E. 2], at 2–3; see also 28 U.S.C. § 1651(a); Fed. R. Civ. P. 11(c); Armstrong v. Easley, No. 5:06-CV-495-D, 2006 WL 4766024, at *2–*3 (E.D.N.C. Dec. 12, 2006) (unpublished), aff'd, 225 Fed. Appx. 120 (4th Cir.) (per curiam) (unpublished), cert. denied, 128 S. Ct. 620 (2007). After receiving those express warnings, which this court issued in accordance with governing Fourth Circuit precedent, e.g., Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004), plaintiff "filed" with the court a moving box filled with personal documents, newspaper clippings, and other personal items, including used syringes. He mailed this box to the clerk's office in Wilmington, North Carolina. As usual, plaintiff's filings also contained delusional and nonsensical demands.

In light of Larrimore's conduct and the warnings that he had received, the court entered an order on March 4, 2008. See Larrimore v. Williamson, No. 7:08-CV-8-D, [D.E. 16]. In that order the court wrote:

> Plaintiff's repetitive filings are abusive, baseless, and drain the resources of the court. In determining whether a prefiling injunction is warranted, the court has reviewed plaintiff's lengthy history of abusive litigation, the vexatious and harassing

3

nature of plaintiff's litigation, the immense burden on the court, and the repeated warnings given to plaintiff. Moreover, in light of plaintiff's latest "filing," the court finds that no alternative sanction would be sufficient.

Accordingly, the court hereby:

1. SANCTIONS plaintiff $1000.00 for his continued abuse of the judicial system. Plaintiff shall pay this amount to the Clerk of the United States District Court for the Eastern District of North Carolina.

2. ORDERS that plaintiff may not file ANY document (or anything else) with this court (except as set forth in paragraph 3 below) UNLESS he first pays the $1000.00 sanction and then files a motion and obtains leave of court from a United States District Judge. As part of any motion for leave of court to file anything with this court, plaintiff MUST attach a copy of this order. Other than a notice of appeal pursuant to paragraph 3 below, the Clerk is DIRECTED to refuse to accept any documents (or anything else) from plaintiff and to return said documents to plaintiff. This restriction applies to any case in this district, pending or terminated, as well as to any future case plaintiff seeks to initiate in this district. If plaintiff seeks to initiate a lawsuit in another district, he SHALL include a copy of this order.

3. ORDERS that plaintiff may file a notice of appeal from this order ONLY IF such notice of appeal is accompanied by this order and any appellate filing fee that the United States Court of Appeals for the Fourth Circuit may require. The court hereby certifies that a timely appeal from this order may proceed. In permitting an appeal to proceed, plaintiff is WARNED that the United States Court of Appeals for the Fourth Circuit has the authority to impose sanctions (including additional monetary sanctions) on plaintiff. If plaintiff does file an appeal, this court would not be surprised at all if the Fourth Circuit imposed its own monetary sanctions on plaintiff.

Id. (citations omitted).

On August 5, 2008, the Fourth Circuit affirmed this court's order dismissing Larrimore's complaints as frivolous. See Larrimore v. Williamson, 288 Fed. Appx. 62, 63 (4th Cir. 2008) (per curiam) (unpublished). The Fourth Circuit, however, concluded that this court's two warnings concerning a possible prefiling injunction were not adequate and that Larrimore had not been given an opportunity to be heard before the court issued its prefiling injunction. Id.

This court understands the Fourth Circuit's decision in Larrimore to mean that this court

4

must again warn Larrimore about the possibility of a prefiling injunction and other sanctions and invite Larrimore to file a response to this court's latest warning about the possibility of a prefiling injunction and other sanctions. Accordingly, Larrimore is HEREBY WARNED that the court is considering entering a prefiling injunction and other sanctions as outlined in this court's order of March 4, 2008. Further, Larrimore is invited to file a written response and SHOW CAUSE why this court should not enter a prefiling injunction and other sanctions as outlined in this court's order of March 4, 2008, due to Larrimore's inability to refrain from filing frivolous complaints and other items (such as used syringes) with this court. Cf. Cromer, 390 F.3d at 817–18. Larrimore's response to this SHOW CAUSE order is due no later than December 23, 2008. After receiving that response, the court will decide whether to issue a prefiling injunction and other sanctions.

SO ORDERED. This 26 day of November 2008.

JAMES C. DEVER III
United States District Judge

5

Case 5:08-mc-00027-D   Document 2   Filed 11/26/08   Page 5 of 5